Matter of the Estate of RICHARD C. LAKE, Deceased.

(Surrogate's Court, New York County, July, 1920.)

**Transfer tax — what subject to — corporations — non-residents — Tax Law, § 220.**

   Shares of stock in domestic manufacturing corporations owned by a non-resident who died after the amendment to section 220 of the Tax Law in the year 1919 took effect, are subject to a transfer tax.

APPEAL from an order fixing the transfer tax.

Austin & Austin (Edmund O. Austin and Alexander Otis, of counsel), for executors.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for state comptroller.

COHALAN, S.   This appeal is taken by the executors of the estate of decedent from the report of the transfer tax appraiser and the order fixing tax, on the ground that the appraiser has erroneously included among the taxable assets of the estate, the shares of stock in two domestic manufacturing corporations.

The decedent was a non-resident and died July 10, 1919, after the amendment of section 220 of the Tax Law by chapter 626 of the Laws of 1919 took effect.

Subdivision 2 of that section provides, in cases of a non-resident decedent, for taxation of the transfer of goods, wares and merchandise located within this state; of shares of stock in New York corporations; shares of stock in foreign corporations owning New York real estate, " except the shares of stock of a foreign corporation, joint stock company or association, or the bonds, notes, mortgages or other evidences of interest in any corporation, joint stock company or association, domestic or foreign, constituting,

being or in the nature of a moneyed corporation, a railroad or transportation corporation, or a public service or manufacturing corporation as defined and classified by the laws of this state   *   *   *.''

The appellants contend that the words '' other evidences of interest in any corporation   *   *   *   domestic or foreign '' in the quotation just made refer to shares of stock and that, therefore, the stock owned by decedent in a domestic manufacturing corporation is not taxable. I do not think that this construction can reasonably be placed on the statute. The exception obviously applies only to the bonds of the corporations specified. The words '' evidence of interest '' are *in pari materia* with bonds, notes, mortgages. If it were intended to exclude from the operation of the act the transfer of stocks as well as bonds of manufacturing corporations owning real estate the words '' of a foreign corporation, joint stock company or association '' immediately following the words '' except the shares of stock '' would have been omitted. The appraiser has properly included the shares of stock among the taxable assets of the decedent's estate. The order fixing tax will be affirmed.

Order affirmed.